Manly, J.
 

 The judgment ought not to be reversed for any of the causes appearing in the case transmitted to this Court. The record does not inform us as to the ground upon which the exception to the form of action is based, but taking it to be as was suggested in the argument, that there was a higher security (that is the official bond) by an action on which the sheriff could be made to answer for the delinquency complained of, we are of opinion it cannot avail the defendant. The Legislature in providing this higher and more sure security, has expressly guarded against the inference that the action upon the case, as at common law, was
 
 merged
 
 therein, and no longer to be used. This will be seen by a reference to the Rev. Code, ch. 78, sections 1 and 2. In the proviso of the second section, the form of the action before us, is specially noted and declared to be still open to the citizen, notwithstanding the remedy upon the bond therein given. Thus, we think, whatever might have been the law, without some saving clause, (into which enquiry we do not now enter,) yet, by virtue of such clause, the action in question is clearly open to resort at the election of persons injured.
 

 The case states that an action of debt had been instituted for the same cause against the defendant and others, and a nonsuit suffered previously to the commencement of this suit, and that the Court below instructed the j ury that this, of itself, was a demand. This is the subject of the second exception. The instruction was undoubtedly correct. It might be gravely questioned whether, at the time, and under the circumstances, under which this action was brought, a demand was at all necessary to sustain it. But supposing it to have been necessary, a former suit for the same cause of action and a nonsuit would clearly satisfy the requirement;
 
 Linn
 
 v.
 
 McClelland,
 
 4 Dev. and Bat. 458.
 

 The instructions in respect to the transmission of the money by mail, and the presumption, arising therefrom, which is the
 
 *436
 
 ground of the third exception, does not furnish a proper subject of complaint on the part of the appellant. He had the benefit of instructions on this point, the soundness of which by no possibility could have wrought him any injury.
 

 No error having been committed in the case, of which the appellant can justly complain, the judgment must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.